| | |
|---|---|
| DISTRICT COURT, ARAPAHOE COUNTY, COLORADO<br><br>7325 S. Potomac Street<br>Centennial, CO 80112 | DATE FILED: March 26, 2018 4:46 PM<br>FILING ID: 88EFC99491B49<br>CASE NUMBER: 2018CV30703 |
| **Plaintiff:** LORENZO PHILLIPS, by and through his Guardian/Conservator Anita Deadwyler,<br><br>v.<br><br>**Defendants:** GEICO Casualty Company. | ▲ COURT USE ONLY ▲<br><br>Case No.:<br><br>Division: |
| *Attorneys for Plaintiff:*<br>Mark J. Jachimiak, No. 30044<br>Andrew D. Peterson, No. 33081<br>JACHIMIAK PETERSON, LLC<br>1819 Denver West Drive, Suite 265<br>Golden, CO 80401<br>Telephone No.: (303) 863-7700<br>Facsimile No.: (303) 830-8772<br>E-mail: mjachimiak@jpfirm.law; apeterson@jpfirm.law | |
| **COMPLAINT AND JURY DEMAND** | |

Plaintiff Lorenzo Phillips, by and through his Guardian/Conservator Anita Deadwyler, by and through his undersigned counsel, Jachimiak Peterson, LLC, alleges and complains against the Defendant as follows:

## GENERAL ALLEGATIONS

1.  At all times relevant to this action, Plaintiff Lorenzo Phillips was a resident of the City of Aurora, Colorado, having a residential address of 5733 South Rome Street, Aurora, Colorado 80015.

2.  Upon information and belief, at all times relevant to this action, Defendant GEICO Casualty Company ("GEICO") was a foreign corporation, in good standing in Colorado, with a principal office address of 5260 Western Ave., Chevy Chase, Maryland 20815.

3.  Venue is proper in the District Court of Arapahoe County, Colorado pursuant to C.R.C.P. 98.

4.  This Court has jurisdiction over the parties and the subject matter of this action.

1

EXHIBIT C

## FACTUAL ALLEGATIONS

5. Plaintiff Lorenzo Phillips incorporates herein by reference the allegations set forth with specificity in Paragraphs 1 through 4 above of this Complaint and Jury Demand as if set forth verbatim herein.

6. On September 4, 2016, Rami Kanafani was named as an Additional Driver under a policy of insurance issued by GEICO (hereinafter referred to as the "Policy").

7. On September 4, 2016, Rami Kanafani was operating a 2013 Mazda 3 that was specifically listed as a covered auto under the Policy.

8. The Policy issued to Rami Kanafani and covering the 2013 Mazda 3 had a policy number of 4178-55-46-73.

9. The Policy had Uninsured and Underinsured Motorist limits of $100,000 each person and $300,000 each occurrence.

10. On September 4, 2016, Rami Kanafani became intoxicated.

11. After becoming intoxicated, Rami Kanafani drove the 2013 Mazda 3.

12. Plaintiff Lorenzo Phillips was a passenger in the vehicle driven by Rami Kanafani on September 4, 2016.

13. On September 4, 2016, while driving his motor vehicle while intoxicated, Rami Kanafani was involved in a motor vehicle accident on I-25 near the 104th Avenue exit at approximately 4:11 a.m.

14. Rami Kanafani had a blood draw conducted at 6:36 a.m. on September 4, 2016. The result of the blood drawn showed that he had a .109 BAC at that time.

15. The accident was the result of the negligent operation of the motor vehicle by Rami Kanafani.

16. As a result of the motor vehicle accident, Lorenzo Phillips sustained serious and life-altering injuries to his brain and other parts of his body.

## FIRST CLAIM FOR RELIEF
### (Breach of Insurance Contract)

17. Plaintiff Lorenzo Phillips incorporates herein by reference the allegations set forth with specificity in Paragraphs 1 through 16 above of this Complaint and Jury Demand as if set forth verbatim herein.

18. Plaintiff Lorenzo Phillips was an "insured" under the terms and definitions for Uninsured Motorist Coverage contained in Section IV of the Policy.

19. Plaintiff Lorenzo Phillips sustained "bodily injury" as that term is defined in Uninsured Motorist Coverage contained in Section IV of the Policy.

20. Plaintiff Lorenzo Phillips has received the limits of Rami Kanafani's liability insurance.

21. Plaintiff Lorenzo Phillips received permission from Defendant GEICO prior to settling with Rami Kanafani.

22. Plaintiff Lorenzo Phillips has complied with the conditions precedent in the Policy to trigger the underinsured motorist protection.

23. Plaintiff Lorenzo Phillips has incurred injuries, damages and losses that exceed the limits of liability received from Rami Kanafani in the settlement.

24. Plaintiff Lorenzo Phillips has incurred injuries, damages and losses that exceed the $100,000 limit of the Policy's underinsured motorist coverage.

25. The Policy was in full force and effect on September 4, 2016.

26. Plaintiff Lorenzo Phillips is entitled to recover benefits pursuant to the underinsured motorist coverage of the Policy for his injuries, damages and losses that are in excess of Rami Kanafani's liability limits.

27. Plaintiff Lorenzo Phillips is entitled to recover benefits pursuant to the underinsured motorist coverage of the Policy for the negligent actions of the underinsured driver, Rami Kanafani.

28. Defendant GEICO unreasonably relied on overruled case law and ignored recent Colorado Supreme Court case law that directly contradicts its denial of coverage.

29. Defendant GEICO has denied Plaintiff Lorenzo Phillips any underinsured motorist coverage under the Policy.

30. As a result of Defendant GEICO's bad faith breach of the Policy, Plaintiff Lorenzo Phillips has suffered damages in an amount to be established at trial.

## SECOND CLAIM FOR RELIEF
**(Common Law Bad Faith)**

31. Plaintiff Lorenzo Phillips incorporates herein by reference the allegations set forth with specificity in Paragraphs 1 through 30 above of this Complaint and Jury Demand as if set forth verbatim herein.

32. Plaintiff Lorenzo Phillips is an "insured" under the terms and definitions contained in Section IV of the Policy.

33. The Policy contains an implied covenant of good faith and fair dealing under which Defendant GEICO agreed to treat Plaintiff Lorenzo Phillips fairly and honestly, and in good faith perform its duties under the Policy, and do nothing to impair, interfere, hinder, or potentially injure Plaintiff Lorenzo Phillips' right to receive benefits from the Policy.

34. Defendant GEICO has breached its duties of good faith and fair dealing by failing to fulfill its duty and obligation to provide underinsured motorist coverage to Plaintiff Lorenzo Phillips in connection with the September 4, 2016 motor vehicle accident.

35. As a result of Defendant GEICO's bad faith breach of its duty of good faith and fair dealing, Plaintiff Lorenzo Phillips has suffered damages in an amount to be established at trial.

### THIRD CLAIM FOR RELIEF
### (Violation of C.R.S. § 10-3-1115 – Unreasonable Denial)

36. Plaintiff Lorenzo Phillips incorporates herein by reference the allegations set forth with specificity in Paragraphs 1 through 35 above of this Complaint and Jury Demand as if set forth verbatim herein.

37. Defendant GEICO is engaged in the business of insurance.

38. Defendant GEICO unreasonably denied coverage and/or unreasonably delayed payment of coverage benefits owed to Plaintiff Lorenzo Phillips by refusing to provide underinsured motorist coverage for the injuries, damages, and losses sustained as a result of the September 4, 2016 motor vehicle accident as required by the Policy.

39. Defendant GEICO's denial was unreasonable because it denied a covered benefit without a reasonable basis for its denial.

40. Defendant GEICO unreasonably relied on overruled case law and ignored recent Colorado Supreme Court case law that directly contradicts its denial of coverage.

41. Further, Defendant GEICO unreasonably relied on a rejection of underinsured motorist coverage that was not accepted by the named insured in writing.

42. Rather, Defendant GEICO amended the Policy to reject underinsured motorist coverage without obtaining written approval for the rejection of coverage by the named insured.

43. Plaintiff Lorenzo Phillips has suffered damages as a result of Defendant GEICO's unreasonable denial of coverage and/or unreasonable delay in payment of coverage benefits in an amount to be established at trial.

EXHIBIT C

44. Pursuant to C.R.S. § 10-3-1116, Plaintiff Lorenzo Phillips is entitled to an award of two times the coverage benefits and attorney fees and costs from Defendant GEICO.

## CONCLUSION

WHEREFORE, Plaintiff Lorenzo Phillips prays the Court enter an Order in his favor and against Defendant GEICO Casualty Insurance in an amount to be determined at trial to include:

a. Compensatory damages in connection with the claims asserted, including noneconomic damages for pain and suffering, emotional distress and inconvenience;
b. Pre-judgment and post-judgment interest pursuant to Colorado law;
c. Expert witness fees and costs as permitted by law;
d. Damages in the amount of two times the covered benefit under the Policy pursuant to C.R.S. § 10-3-1116;
e. Attorney fees and costs pursuant to C.R.S. §§ 10-3-1115 and -1116, as well as other applicable law; and
f. Judgment in favor of Lorenzo Phillips and against GEICO Casualty Insurance on all claims.

## JURY DEMAND

**DEFENDANT DEMANDS A TRIAL TO A JURY OF SIX PERSONS**

Dated this 26th day of March, 2018.

Respectfully submitted,

JACHIMIAK PETERSON, LLC

*Original signature on file at Jachimiak Peterson, LLC pursuant to C.R.C.P. 121, § 1-26*

By: */s/ Mark J. Jachimiak*
Mark J. Jachimiak, No. 30044
Andrew D. Peterson, No. 33081
*Attorneys for Plaintiff*

Plaintiff's address:
5733 S. Rome Street
Aurora, CO 80015

EXHIBIT C